UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE (S.M.A.),[1] § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SALESFORCE, INC., § <br> BACKPAGE.COM, LLC, and § <br> CARL FERRER, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:23-CV-0915-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Jane Doe Plaintiffs' Motion to Transfer Venue (Doc. 20). Because the Jane Doe Plaintiffs have not shown good cause for a transfer, the Court **DENIES** the Motion.

### I.

### BACKGROUND

These consolidated cases concern liability under a federal sex-trafficking statute. The Jane Doe Plaintiffs filed separate cases alleging identical claims under the Trafficking Victims Protection Act ("TVPA") against Defendants Salesforce, Inc.; Backpage.com, LLC ("Backpage"); and Carl Ferrer; Backpage's former CEO. *See e.g.,* Doc. 1, Compl. The cases were then consolidated into this lead case. *See* Doc. 23, Mem. Op. & Order. Now, after filing their claims in the Northern District of Texas, the Jane Doe Plaintiffs seek a transfer to the Southern District of Texas. *See* Doc.

---

[1] On June 20, 2023, the Court consolidated the following cases: 3:23-cv-915, 3:23-cv-918, 3:23-cv-919, 3:23-cv-920, 3:23-cv-921, 3:23-cv-923, 3:23-cv-924, 3:23-cv-925, 3:23-cv-927, 3:23-cv-928, 3:23-cv-929, 3:23-cv-930, 3:23-cv-931, 3:23-cv-932, 3:23-cv-933, 3:23-cv-935, 3:23-cv-936, 3:23-cv-937, 3:23-cv-939, 3:23-cv-940, 3:23-cv-941, 3:23-cv-943, 3:23-cv-944, 3:23-cv-1322, 3:23-cv-1324, and 3:23-cv-1325. *See* Doc. 23, Mem. Op. & Order, 5–6. This case was designated as the lead case. *Id.* at 6.

-1-

20, Mot. Transfer. The Jane Doe Plaintiffs argue a transfer to the Southern District would be "clearly more convenient for the parties" because several identical cases are currently pending before Judge Andrew Hanen. *See* Doc. 21, Mot. Br., 2. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Even when venue is proper, a district court may transfer a civil action to another district or division if (1) the plaintiff could have brought that action there originally and (2) the transfer would be for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant must clearly establish both elements to "show good cause" for transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15, 314 n.10 (5th Cir. 2008) (en banc).

As to the first prong, a plaintiff may initially bring an action in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). For the second prong, to determine if transfer would be for "the convenience of parties and witnesses, in the interest of justice," courts balance eight private- and public-interest factors. *See Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (internal quotation omitted).

## III.

## ANALYSIS

*A.    Venue Does Not Exist in the Southern District*

To begin, the Jane Doe Plaintiffs must show that their cases "might have been brought" in the Southern District. *See* 28 U.S.C. § 1404(a). The Court relies on the venue requirements set out in 28 U.S.C. § 1391 in making this determination. The Jane Doe Plaintiffs rely exclusively on § 1391(b)(1), arguing that all Defendants reside in Texas and both Salesforce and Backpage reside in the Southern District. Doc. 21, Mot. Br., 9–11; *see* § 1391(b)(1) ("[A] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). But, under § 1391(d), to establish residency of a corporation, the Jane Doe Plaintiffs must show both Salesforce and Backpage possess contacts in the Southern District that would "subject [them] to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Salesforce argues the Jane Doe Plaintiffs have not done so. Doc. 28, Resp., 7.

The Court agrees. "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. General jurisdiction attaches when the defendant's contacts with the forum state are continuous and systematic." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001) (internal quotation omitted). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). The Jane Doe Plaintiffs claim "[b]oth Salesforce and Backpage have extensive contacts throughout Texas related to these lawsuits such that they would be subject to personal jurisdiction in any district in Texas if those districts were separate states, including the

Southern District of Texas." Doc. 21, Mot. Br., 10. The Court construes this as an attempt to invoke specific personal jurisdiction.

However, this conclusory assertion is insufficient to plead specific jurisdiction. The Jane Doe Plaintiffs cite to numerous paragraphs in the Complaint, however, none of those paragraphs address Salesforce and Backpage's contacts with the Southern District. *See id.* Without facts demonstrating Salesforce and Backpage "purposefully directed [their] activities at the [Southern District] and the litigation results from alleged injuries that arise out of or relate to those activities," the Court cannot conclude the Southern District could assert specific personal jurisdiction over Salesforce and Backpage if it were a separate state. *See Sangha*, 882 F.3d at 101; 28 U.S.C. § 1391(d). Thus, the Jane Doe Plaintiffs have not shown that venue is proper under § 1391(b)(1).

B.   *The Factors Do Not Favor Transfer*

Even if the Jane Doe Plaintiffs' cases could have been brought in the Southern District, transfer would not be for the convenience of the parties and witnesses, in the interests of justice. This Motion is somewhat atypical, as the Jane Doe Plaintiffs, instead of Defendants, have requested a transfer after choosing to file over twenty cases in the Northern District of Texas just a few months ago. "Most courts have accepted the view that plaintiffs, like defendants, may seek a transfer for the convenience of the parties and in the interest of justice. In order to prevail, a plaintiff must show that circumstances have changed since the filing of suit." *Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc.,* 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003) (Kaplan, Mag. J.) (collecting cases). In *Moto Photo*, for example, the court found "circumstances ha[d] clearly changed" and warranted a transfer because the plaintiff had recently filed for bankruptcy in a different court. *Id*. Here, no such change has occurred. In fact, the cases pending before Judge Hanen in the Southern District have been pending since April 2020. *See* Doc. 21, Mot. Br., 5. Yet

the Jane Doe Plaintiffs chose to file their cases before this Court, despite the efficiencies they now claim necessitate a transfer. For this reason, the Court does not find any changed circumstances compelling a transfer.

Further, the factors do not indicate a transfer to the Southern District is "clearly more convenient." *See In re Volkswagen,* 545 F.3d at 315. First, as to the private interest factors, the Court must consider "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Def. Distributed*, 30 F.4th at 433.

The Court finds the first factor, access to sources of proof, neutral. While all Defendants' offices or residences are located in Dallas, *see* Doc. 28, Resp., 12, most evidence will be electronic, minimizing any burden transfer may cause. The second factor, availability of compulsory process, is also neutral, as neither party has identified any witnesses whom a transfer would affect. *See id.*; Doc. 21, Mot. Br., 12. The Court next finds the third factor neutral. This factor considers witness convenience and cost, which usually depend on the distance a witness must travel to the prospective forums. *See In re Volkswagen*, 545 F.3d at 317. "[T]he moving party must identify specific witnesses and outline the substance of their testimony." *BNSF Ry. Co.*, 667 F. Supp. 2d at 711. Merely making "general allegations that key witnesses are unavailable or are inconveniently located" is insufficient. *Id.*

The Jane Doe Plaintiffs do not identify specific witnesses or the subject of such testimony. They only argue that "there will be significant overlap between the relevant witnesses" already deposed in the cases before Judge Hanen and that this overlap will be "extremely inconvenient, time consuming, and expensive for the witnesses and the parties." Doc. 21, Mot. Br., 13. But,

without identifying the witnesses that may need to re-testify, the distances they must travel, and the importance of their testimony, the Court cannot determine whether the Southern District is truly more convenient. Further, the Court is not convinced conducting discovery in the Northern District of Texas would be "extremely inconvenient." *See id.* The Court has consolidated all cases against Defendants into two groups, *see* Doc. 23, Mem. Op. & Order, 8–9, and can supervise discovery across the cases to minimize any inefficiencies.

Finally, the Court finds the fourth factor neutral. "This factor encompasses concerns rationally based on judicial economy." *Seagen Inc. v. Daiichi Sankyo Co.*, 546 F. Supp. 3d 515, 532 (E.D. Tex. 2021). "[C]ourts may transfer cases for the purposes of consolidating simultaneously pending actions that are based on the same issues." *Ashton v. Knight Transp., Inc.*, 2009 WL 2407829, at *5 (N.D. Tex. Aug. 6, 2009) (Boyle, J.). The Court notes some efficiencies may be gained from a transfer, given the cases pending in the Southern District involve nearly identical issues. However, the Jane Doe Plaintiffs caused the inefficiencies they now complain of by filing their cases in the Northern District. "[The Jane Doe Plaintiffs'] choice to do so is itself an act *against* judicial economy." *See Seagen*, 546 F. Supp. 3d at 532. Further, as these cases were filed two years later than the cases pending in the Southern District, the resolution of the cases in the Southern District may be delayed by adding more than twenty new cases to Judge Hanen's docket. Thus, while the parties may gain some efficiencies from a transfer, they are not significant enough for the fourth factor to favor transfer.

The Court next turns to the public-interest factors. The Court must consider "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign

law." *Def. Distributed*, 30 F.4th at 435 (alternation in original). The first factor, court congestion, considers "whether one court's docket is more congested than another's." *USPG Portfolio Two, LLC v. John Hancock Real Est. Fin., Inc.,* 2011 WL 1103372, at *5 (N.D. Tex. Mar. 25, 2011) (Fitzwater, C.J.). To do so, "courts commonly consider the Federal Judicial caseload statistics." *Id.* The Jane Doe Plaintiffs have cited no statistics regarding court congestion. Thus, the Court concludes they have not shown this factor favors transfer. Next, the parties agree that there are no local interests specific to the Southern District. *See* Doc. 21, Mot. Br., 15; Doc. 28, Resp., 13. The Court finds this factor neutral, as the Jane Doe Plaintiffs have not specified if they reside or were trafficked in either district. *See Def. Distributed*, 30 F.4th at 434 ("Important considerations [of the second public-interest factor] include the location of the injury, witnesses, and the Plaintiff's residence.").

The third factor, familiarity of the forum with the law, is neutral. These cases are governed by federal law, which both forums are familiar with. And any benefit from Judge Hanen's familiarity with the specific law at issue is marginal at best. *See LeBlanc v. C.R. Eng.*, Inc., 961 F. Supp. 2d 819, 833 (N.D. Tex. 2013) (Boyle, J.). The fourth factor, avoidance of conflicts of laws, is neutral, as these cases present no conflicts of laws. *See* Doc. 21, Mot. Br., 16; Doc. 28, Resp., 14.

Together, the Court finds that the Jane Doe Plaintiffs have not shown good cause for transfer. After filing more than twenty cases in the Northern District of Texas, the Jane Doe Plaintiffs have not demonstrated changed circumstances necessitating a transfer. *See Moto Photo*, 2003 WL 298799, at *3. Further, the private-interest and public-interest factors are neutral and therefore do not "clearly demonstrat[e] that a transfer is 'for the convenience of parties and witnesses in the interest of justice.'" *See Def. Distributed*, 30 F.4th at 433 (quoting *In re Volkswagen of Am.,* 545 F.3d at 315).

## IV.

## CONCLUSION

Because the Jane Doe Plaintiffs have not demonstrated good cause for a transfer to the Southern District, the Court **DENIES** Plaintiffs' Motion to Transfer Venue (Doc. 20).

**SO ORDERED.**

**SIGNED: August 23, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE